IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL S. BANKS, # A-86938, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-1256-NJR |
| | ) |
| DARREN T. WHITLEY, | ) |
| DAN LIEFER, JAMES BOKERT, | ) |
| BRANDON M. ANTHONY, | ) |
| MIHN T. SCOTT, | ) |
| and DAVID A. REDNOUR, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court for review of Plaintiff's complaint (Doc. 1) and his motion for leave to proceed *in forma pauperis* ("IFP motion") (Doc. 2). Plaintiff has accumulated more than three "strikes" by filing lawsuits in federal court that were dismissed for failure to state a claim upon which relief may be granted.[1] Under the circumstances, he may not proceed *in forma pauperis* in a new civil action unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). Plaintiff's pleadings describe no such threat, and his complaint lacks merit. For the reasons set forth below, the pending IFP motion shall be denied, and the case shall be dismissed.

## The Complaint

Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 on November 6, 2014 (Doc. 1). In the complaint, he names six officials at Menard Correctional Center ("Menard") as

---

[1] *See, e.g., Banks v. Roth, et al.*, Case No. 91-cv-3410 (N.D. Ill., dismissed June 28, 1991); *Banks v. Devine, et al.*, Case No. 02-cv-4271 (N.D. Ill., dismissed June 21, 2002); *Banks v. Crane, et al.*, Case No. 02-cv-4269 (N.D. Ill., dismissed June 24, 2002); *Banks v. Gallagher, et al.*, Case No. 02-cv-4156 (N.D. Ill., dismissed July 23, 2003).

defendants. However, the complaint includes no allegations of wrongdoing against these officials (Doc. 1, pp. 7-8).

Instead, Plaintiff alleges that he filed a civil rights action pursuant to 42 U.S.C. § 1983 in Illinois state court against these defendants on February 15, 2013 (Doc. 1, p. 7). Defendants filed a motion to dismiss the action on September 12, 2013. The state circuit court granted the motion, but allegedly failed to provide Plaintiff with proper notification of its decision.

Plaintiff appealed the decision on January 17, 2014. On appeal, the Illinois Court of Appeals for the Fifth District set a deadline of March 21, 2014, for filing the record on appeal. When Plaintiff requested leave to proceed *in forma pauperis* on appeal on January 29, 2014, he also requested a free copy of the record. The state appellate court denied Plaintiff's request for a free copy of the record. He failed to produce a copy for filing, and the state appellate court ultimately dismissed his appeal for want of prosecution on April 22, 2014 (Doc. 1, p. 8).

In the complaint now before this Court, Plaintiff claims that this decision to deny him a free copy of the record on appeal violated his right to due process of law. According to Plaintiff, the decision also resulted in a miscarriage of justice. Plaintiff maintains that he is now entitled to judgment against Defendants or, in the alternative, remand of his underlying case to the state circuit court for a trial on the merits (Doc. 1, p. 9).

## Motion for Leave to Proceed IFP (Doc. 2)

In his IFP motion (Doc. 2), Plaintiff seeks leave to proceed in this case without prepayment of the Court's usual $400.00[2] filing fee in a civil case. *See* 28 U.S.C. § 1914(a).

---

[2] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.

Pursuant to Section 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiff's IFP motion and affidavit are sufficient as to form. However, the Court's inquiry does not end there. According to Section 1915:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Plaintiff cannot clear this hurdle.

As noted earlier, Plaintiff has incurred more than three "strikes" by filing lawsuits that were dismissed under Section 1915A for failure to state a claim upon which relief may be granted. *See, e.g., Banks v. Roth, et al.*, Case No. 91-cv-3410 (N.D. Ill., dismissed June 28, 1991); *Banks v. Devine, et al.*, Case No. 02-cv-4271 (N.D. Ill., dismissed June 21, 2002); *Banks v. Crane, et al.*, Case No. 02-cv-4269 (N.D. Ill., dismissed June 24, 2002); *Banks v. Gallagher, et al.*, Case No. 02-cv-4156 (N.D. Ill., dismissed July 23, 2003). Because Plaintiff has accumulated more than three "strikes" for purposes of Section 1915(g), he may not proceed IFP in this case unless he is under imminent danger of serious physical injury.

The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of Section 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to

---

A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee, and will be assessed a fee of only $350.00.

proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id.* at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id.* at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

Plaintiff's complaint and his IFP motion are devoid of allegations suggesting that he is under imminent danger of serious physical injury. Nowhere in his pleadings does Plaintiff mention being in any sort of danger, let alone imminent danger. He filed the complaint to appeal the decision of the state appellate court dismissing his state court action for want of prosecution. This certainly does not constitute imminent danger. Plaintiff's IFP Motion is also silent on this issue. Having already incurred three "strikes" and now failing to establish that he faces imminent danger of serious physical injury, Plaintiff cannot proceed IFP in this action. Accordingly, Plaintiff's IFP motion (Doc. 2) shall be denied.

## Merits Review Pursuant to 28 U.S.C. § 1915A

When leave to proceed IFP is denied, a prisoner-plaintiff is ordinarily allowed to carry on with an otherwise meritorious action if he pre-pays the full filing fee. However, the instant complaint does not survive preliminary review under Section 1915A. Pursuant to this statute, the Court is required to dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from an immune defendant.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.

The complaint does not survive preliminary review under this standard. In his complaint, Plaintiff attempts to challenge a state appellate court's dismissal of his state court appeal by filing a civil rights complaint form against six Menard officials in federal court. Plaintiff's actions are erroneous on many levels.

For starters, Plaintiff generally cannot appeal a state court decision by commencing a civil rights action in federal court. The proper forum for appealing an adverse decision of the Illinois Court of Appeals is in the Illinois Supreme Court. The rules and deadlines for filing a Petition for Leave to Appeal (PLA) are set forth in the Illinois Supreme Court Rules (i.e., Rule 315). Plaintiff can access a copy of these rules in the prison law library. The Court previously explained this to Plaintiff in an order dated November 7, 2014[3] (Doc. 5).

---

[3] In the same order, the Court also offered Plaintiff the opportunity to voluntarily dismiss this action, if he actually intended to file it in state court. Plaintiff was instructed to notify this Court on or before November 28, 2014, if he wished to withdraw his complaint; otherwise, the Court would conduct its preliminary review of the complaint under 28 U.S.C. § 1915A and impose a filing fee for this action. Plaintiff failed to communicate with the Court prior to this deadline.

Beyond this, Plaintiff has filed a civil rights complaint form naming six Menard officials as defendants. However, the statement of claim includes no substantive allegations against any of them. Therefore, the Court is unable to ascertain what claims, if any, Plaintiff has against these defendants. The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included substantive allegations against a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). For this reason, Defendants Whitley, Liefer, Bokert, Anthony, Scott, and Rednour shall be dismissed from this action.

The complaint does not survive review under Section 1915A. For this reason, it shall be dismissed. This dismissal shall be without prejudice to Plaintiff pursuing relief in Illinois state court.

### Disposition

For the reasons stated above, **IT IS HEREBY ORDERED** that Plaintiff's IFP motion (Doc. 2) is **DENIED**.

**IT IS ORDERED** that this action is **DISMISSED without prejudice** to Plaintiff pursuing relief in Illinois state court.  Defendants **WHITLEY, LIEFER, BOKERT, ANTHONY, SCOTT,** and **REDNOUR** are dismissed from the action with prejudice.

**IT IS ALSO ORDERED** that the pending motion for recruitment of counsel (Doc. 3) is **DENIED** as **MOOT**.

Because Plaintiff's IFP motion has been denied, it is **ORDERED** that Plaintiff shall pay the full filing fee of $400.00 for this action on or before **January 5, 2015**.  Plaintiff incurred the obligation to pay the filing fee for this lawsuit when it was filed, and the obligation continues regardless of later developments in the lawsuit, such as denial of leave to proceed IFP or dismissal of the suit.  *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Plaintiff is **ADVISED** that this dismissal shall count as another "strike" under the provisions of 28 U.S.C. § 1915(g).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

If Plaintiff wishes to appeal the dismissal of this case, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien,* 133 F.3d at 467.  Moreover, because Plaintiff has "struck out" and has not shown that he

is in imminent danger of serious physical injury, this Court will not grant him permission to proceed *in forma pauperis* on appeal.  Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).

**IT IS SO ORDERED.**

**DATED:  December 11, 2014**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**