IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL S. BANKS, # A-86938, )<br>)<br>       Plaintiff, )<br>)<br>vs. )<br>)<br>DARREN T. WHITLEY, *et al.*, )<br>)<br>       Defendants. ) | Case No. 14-cv-1256-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court for review of Plaintiff's motion to reconsider judgment (Doc. 8). In the motion, Plaintiff asks the Court to vacate the judgment that was entered against him on December 11, 2014 (Doc. 7). Plaintiff claims that he did not receive an initial order in this case. A text order (Doc. 5), which was entered on November 6, 2014, offered Plaintiff the option of voluntarily dismissing the case and avoiding a filing fee for this action by submitting a request to the Court in writing by November 28, 2014. Due to a clerical error, Plaintiff's prisoner identification number was listed as "A8*6*938" instead of "A8*1*938" in CM/ECF. The dismissal order (Doc. 6) and judgment (Doc. 7) also referred to the incorrect prisoner identification number. As a result of this error, Plaintiff claims that he never received a copy of the order at Document 5, and his receipt of the dismissal order and judgment was delayed. Plaintiff now asks the Court to vacate the judgment against him and enter an order voluntarily dismissing this action.

Plaintiff's request is reasonable and shall be granted. Federal Rule of Civil Procedure 60(a) authorizes the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." FED. R. CIV.

P. 60(a). Unfortunately, this clerical error was not discovered until after the dismissal order and judgment were docketed. However, Rule 60(b) authorizes the Court to relieve a party from a final judgment or order for reasons that include "mistake, inadvertence, surprise, or excusable neglect" and for "any other reason that justifies relief." *See* FED. R. CIV. P. 60(b)(1), (6).

In the pleadings filed to date in this action, Plaintiff consistently listed "A8*1*938" as his prisoner identification number in the case caption. Even so, the prisoner identification number was erroneously listed as "A8*6*938" in CM/ECF. It is not only conceivable, but predictable, that this error might deprive Plaintiff of the opportunity to seek voluntary dismissal of this action by the deadline originally set by the Court. Plaintiff claims that this was the reason he did not request voluntary dismissal of the action before November 28, 2014, and the Court finds his argument persuasive.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motion to reconsider judgment (Doc. 8) is **GRANTED**, and the Order Dismissing Case (Doc. 6) and Judgment (Doc. 7) are hereby **VACATED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for voluntary dismissal of this action is **GRANTED**, and this action is **DISMISSED without prejudice**. *See* FED. R. CIV. P. 41(a)(1)(A)(i). As specified in the order at Document 5, Plaintiff shall not be assessed any filing fee for this action. Further, the dismissal of this action shall **not** count as one of Plaintiff's allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

DATED: January 14, 2015

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**